**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Pramod Patel, | ) | Case No. 19 B 08037 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| Ankit Shah, | ) | Case No. 19 B 08032 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| M S International, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 19 A 00740 (Consol. with Adv. No. 19 A 00741) |
| | ) | |
| Pramod Patel and Ankit Shah, | ) | |
| | ) | |
| Defendants. | ) | Judge Jacqueline P. Cox |

**Amended Memorandum Opinion on Motion for Summary Judgment (Dkt. 35)**

**I. Jurisdiction**

Federal district courts have original and exclusive jurisdiction of all cases under title 11, the Bankruptcy Code. 28 U.S.C. § 1334(a). The district courts may refer cases under title 11, and any or all proceedings arising under title 11 or arising in or related to a case under title 11, to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has referred its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Operating Procedure 15(a).

Bankruptcy court have statutory authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Core proceedings include determinations of the dischargeability of specific debts. 28 U.S.C. § 157(b)(2)(I).

## II. Background

M S International, Inc. ("MSI"), the Plaintiff in these consolidated adversary proceedings, seeks an exception to discharge due to the Defendants' conduct, alleged to be fraudulent and deceitful. In a lawsuit filed in 2018 in the Central District of California, District Judge James V. Selna entered a final judgment in the Plaintiff's favor on its claims.

The Plaintiff is a nationwide distributor of flooring, countertop, wall tile and hardscaping products. The Defendants, Debtors Pramod Patel and Ankit Shah were, employed by the Plaintiff in various customer service and sales positions from 2009 to 2017. After being entrusted with access to its computers and other business materials for purposes of conducting its business affairs, M S International alleges that the Defendants secured employment with one of its competitors, taking with them the Plaintiff's computer files and other information. .

After the Defendants participated in the 2018 lawsuit for several months, they stopped cooperating. MSI secured an entry of default against the Defendants on June 5, 2018. A default judgment was entered in MSI's favor by District Judge James V. Selna on November 26, 2018, finding that the Defendants were liable to MSI for misappropriation of trade secrets, violation of California Penal Code section 502, violation of California Penal Code section 496, fraud and deceit and violation of section 17200, et seq., of the Unfair Competition Law, California

2

Business & Professions Code. The Defendants' motion to set aside entry of default was denied on November 26, 2018, the same date on which the default judgment was entered. This informs that the Defendants were still litigating that case when judgment was entered.

Each Defendant sought relief under chapter 7 of the Bankruptcy Code in the Northern District of Illinois on March 21, 2019.

MSI argues that the doctrine of collateral estoppel should apply to the California District Judge's rulings and judgment to bar relitigation of the factual issues in these dischargeability matters.

### III. Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file after discovery show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Sharf v. Sharf (In re Sharf)* 2016 WL 3437523, * 1 (Bankr. N.D. Ill. June 20, 2016). Summary judgment is inappropriate if the evidence is such that a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has to show that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party successfully meets its burden, the non-moving party has to demonstrate that there is a genuine dispute as to a material issue of fact. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In addition, Local Bankruptcy Rule 7056-2 requires that each party opposing a motion for summary judgment serve and file a memorandum of law and a concise response to the movant's statement of facts that contains a response to each numbered paragraph in the moving party's

3

statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon as well as a statement consisting of short numbered paragraphs of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. This Rule is fatal to the Defendants' efforts herein to oppose MSI's request for summary judgment; they rarely cited to the record in the statements they filed in response to MSI's statement of facts.

### IV. Collateral Estoppel

In many adversary proceedings where another court has entered judgment on a tort in issue res judicata, claim preclusion, or collateral estoppel, issue preclusion, could apply to bar relitigation of claims or factual issues. Whether collateral estoppel principles of issue preclusion are governed by state or federal law depends on whether the judgment claimed as preclusive was entered by a state court or a federal court. Federal law on collateral estoppel applies because the 2018 judgment was entered by a federal district court. Under federal law relitigation of an issue may be barred if "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *McCart v. Jordana (In re Jordana)*, 232 B.R. 469, 475-76 (10th Cir. B.A.P. 1999), aff'd, 216 F.3d 1087 (10th Cir. 2000). *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979); *Herbstein v Bruetman*, 266 B.R. 676, 683 (N.D. Ill. 2001), *aff'd* 32 Fed.Appx. 158 (7th Cir. April 30, 2002).

4

Due process entitles every party to his "day in court." However, a "day" in court cannot be allowed to stretch into an interminable stay in court. In particular, due process does not entitle a party to litigate until he receives a favorable outcome. Noland, *Finding Fault with Default: New York Courts' Inconsistent Application of Issue Preclusion to Default Judgments*, 31 Cardozo L. Rev. 941 (2010).

Although bankruptcy courts determine whether a debt is dischargeable under 11 U.S.C. § 523, the doctrine of collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability. *Grogan v. Garner*, 498 U.S. 279, 284, n. 11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Cora v. Jahrling (In re Jahrling)*, 514 B.R. 565, 570 (Bankr. N.D. Ill. 2014) *aff'd*, 530 B.R. 679 (N.D. Ill. 2015), *aff'd*, 816 F.3d 921 (7th Cir. 2016). *See Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).

The issue of nondischargeability is a matter of federal law governed by the terms of the Bankruptcy Code. *Grogan*, 498 U.S. at 283-84. "A final consideration supporting our conclusion that the preponderance standard is the proper one is that . . . application of that standard will permit exception from discharge of all fraud claims creditors have successfully reduced to judgment." *Grogan*, 498 U.S. at 290.

Bankruptcy courts may not employ res judicata, claim preclusion, in dischargeability actions because considerations material to discharge are irrelevant to ordinary state or federal collection proceedings. The dischargeability matters require courts to consider and rule on additional elements such as whether a debt was incurred following a fraudulent representation. *See* 11 U.S.C. § 523(a)(2). State law elements and concepts are likely to differ from those

5

adopted under federal law. The application of res judicata to dischargeability actions is thought to be improper as state court proceedings involve only the issue of liability, whether a debt exists. Dischargeability actions have a broader scope. They involve determinations of fraud (section 523(a)(2)), defalcation by a fiduciary (section 523(a)(4)), whether a debt was scheduled (section 523(a)(3)) and whether a debt is a domestic support obligation (sections 523(a)(5) and (a)(15)). However, "the narrower doctrine of collateral estoppel . . . does apply to bankruptcy cases." *Matter of Bulic*, 997 F.2d 299, 305 n. 7 (7th Cir. 1993). This court finds that collateral estoppel applies and will not allow the Defendants to relitigate the factual issues on which the district court's default judgment was based.

### V. The Parties' Statements of Material Facts

Review of MSI's Statement of Material Facts (Dkt. 37) discloses sufficient information to justify entering judgment in its favor if the facts are undisputed. The Defendants' Statement of Material Facts (Dkt. 43) has been posited jointly in most respects. The Defendants admit 31 of MSI's statements without qualification: Numbers 1, 2, 3, 4, 5, 8, 9, 10, 13, 16, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46. Following is analysis of MSI's statements not admitted by the Defendants.

The Defendants' ¶ 6 statement includes a discussion of various exhibits and admits MSI's statement that it seeks an exception to discharge based on allegations of fraudulent and deceitful conduct but deny that those allegations have been fully adjudicated in the prior lawsuit because it was resolved by default, citing *Clear Channel Outdoor, Inc. v. Nikitas (In re Nikitas)*, 326 B.R. 127, 131 (Bankr. N.D. Ill. 2005). That court ruled correctly that default judgments have no collateral estoppel effect under Illinois law. Many courts have ruled, however, that collateral

estoppel lies where in the prior action the default judgment was entered as a sanction for a debtor's bad faith conduct in discovery. *See Wolstein v. Docteroff (In re Docteroff)*, 133 F.3d 210, 215 (3rd Cir. 1997) ("We do not hesitate in holding that a party such as Docteroff, who deliberately prevents resolution of a lawsuit, should be deemed to have actually litigated an issue for purposes of collateral estoppel application."). The Defendants' legal argument is not a statement of disputed material fact. They have to posit an issue of disputed material fact to succeed in opposing summary judgment; their ¶ 6 statement does not do so.

The Defendants' ¶ 11 statement denies MSI's statement that in the course of its business it developed and maintained trade secrets, etc. The Defendants deny this statement of material fact and state that they are accused of secretly accessing MSI's computers and other resources to copy and steal MSI's computer files. They go on to state that Judge Selna's order granting a default judgment was not based on testimony or documents adduced at a trial and found only that MSI adequately alleged that the information Defendants acquired fell within the definition of secrets under the Defend Trade Secrets Act, 18 U.S.C.A. § 1836(b). The Defendants' legal argument is not a statement of disputed material fact. They have to come forward with a statement of disputed material fact; they have not done so.

The Defendants' ¶ 12 statement denies MSI's statement that it maintains a proprietary database. They go on to say that they are accused of secretly accessing MSI's computers to copy and steal its files and trade secrets. They posit that Judge Selna's order granting default judgment was not based on testimonial or documentary evidence adduced at a trial and found only that MSI adequately alleged that it maintains proprietary databases. The Defendants have not cited to a statement of disputed material fact; this legal argument fails to adequately oppose

the entry of summary judgment for MSI.

The Defendants' ¶ 14 statement admits what MSI stated about taking steps to protect its trade secrets but deny that the policies in issue were uniformly enforced. They refer to their answers. Their answers do not cite to facts in the record that show an issue of disputed material fact. In any event, this court should not have to look for and interpret what their answers say. *U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). MSI's ¶¶ 14 and 15 statements do not mention enforcement.

Like the Defendants' statement ¶ 14 response, their ¶ 15 response falls short. They admit that MSI had policies for the protection of its alleged trade secrets and that they agreed to comply with a similar policy but deny that those policies were uniformly enforced, referring to their answers. They have not cited to facts in the record that show a dispute as to an issue of material fact.

As to ¶¶ 17 and 18, Shah admits that he was employed at MSI during a certain period in response to MSI's statement but left out MSI's language that he resigned without notice. Patel states that he resigned without notice to go to work for Century Marble and Granite but ignores MSI's statement that he had said he was resigning to move back to India. The Defendants have not cited to facts in the record that show that an issue of material fact is in dispute.

At ¶ 19, the Defendants admit that they secured employment with Century Marble and Granite prior to departing from MSI but deny concealing any information or misleading MSI. They point to their answers. They do not put forward facts that point to an issue of dispute as to material facts.

As to ¶ 20, the Defendants deny MSI's statement that they concealed their plans to leave

8

so that they could secretly access MSI's computers to copy and steal its computer files and trade secrets for their own and Century Marble and Granite's benefit. They also state that Judge Selna did not find that they concealed their plans to secretly access the trade secrets but only that MSI alleged they did so wrongfully and without permission. They again raise the legal argument that the default judgment was not based on evidence and that MSI satisfied procedural requirements for default judgment. This statement is not a citation to facts in the record that show a dispute as to a material fact.

As to ¶ 21, the Defendants admit that during their employment, on at least one occasion, they may have inadvertently forwarded customer lists, historical date (sp) or price lists to their personal email addresses but deny that any of that information was proprietary information or trade secrets, referring to their answers. The Defendants have not put forward facts, with a citation to such in the record, that show a dispute as to an issue of material fact.

As to ¶ 22, the Defendants deny MSI's statement that the copied and stolen files include spreadsheets and other files, that Patel, on July 22, 2017, accessed and used confidential information and that he used MSI"s computer system to send that information to his personal email account. They also deny that they did not have permission to do what was done. Again, the Defendants fail to cite to facts in the record to establish a dispute as to an issue of material fact.

At ¶ 23, the Defendants deny MSI's statement that on August 17, 2017, Shah copied and stolen (sic) files containing customer and pricing information. The deny that they stole any information belonging to MSI and to the extent that they may have copied any information, they deny that they did not have permission to do so. The Defendants have not come forward with

9

facts in the record that show a dispute as to an issue of material fact.

At ¶ 24, Defendant Shah admits that he accessed MSI's Quartz price information, but that he did not do so in any manner inconsistent with the terms of his employment. The inconsistency issue was injected by Shah. This response does not cite to facts that show a disputed issue of material fact exists. In any event, he has admitted the core of MSI's statement at ¶ 24.

At ¶ 25, MSI states that Patel accessed confidential payroll information of one of MSI's employees and emailed that information from his MSI email account to his personal email account. Patel denies this, but does not come forward with citations to facts in the record that show an issue of disputed material fact.

At ¶ 26, the Defendants deny that they retained possession of any of MSI's alleged valuable business information because the information was in electronic or digital format, which they destroyed rather than return to MSI. Again, the Defendants do not cite to facts in the record to show that there is an issue of disputed material facts regarding this matter.

At ¶¶ 47, 48 and 49 the Defendants admit MSI's version of what Judge Selna's order granting default judgment says, pointing out, however, that Judge Selna was careful to qualify the default order by stating that MSI adequately alleged requirements based on a sealed declaration, that MSI satisfied the procedural requirements for default judgment and that the Defendants failed to meaningfully participate in the litigation before him. The Defendants have failed, however, to come forward with facts that show a disputed issue of material fact.

Due to the Defendants' failure to controvert MSI's statement, as required by Local Bankruptcy Rule 7056-2, this court finds that the Defendants have admitted ¶¶ 6, 11, 12, 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 47, 48 and 49 of MSI's statement

10

## VI. Discussion

The adversary complaints filed in 19 - 00740 and 19 - 00741 each seek to except from discharge the judgment debt owed MSI by Pramod Patel and Ankit Shah under 11 U.S.C. § 523(a)(2)(A) which excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." This section describes three separate grounds for holding a debt nondischargeable: false pretenses, false representation and actual fraud. *Schatz v. Livermore (In re Livermore)*, 2013 WL 1316549, *4 (Bankr. N.D. Ill, April 3, 2013). The adversary proceedings were consolidated to proceed under the 19 - 00740 case number on January 10, 2020. Dkt. 27.

Judge Selna granted MSI's request for a default judgment on November 26, 2018, finding, that the Defendants' conduct was culpable for the purposes of a motion to set aside entry of default. He ruled that they had not acted in good faith. They did not comply with deadlines. They did not file a notice of interested parties, an answer or serve discovery responses. In addition, they filed their initial disclosures three months late. He found that the Defendants had been aware of the case against them from the beginning as evidenced by their denied motion to dismiss/or transfer venue filed in March 2018. They were aware of the entry of default since June 10, 2018 when their lawyer emailed MSI's lawyer to request that MSI set aside the default. They delayed filing their motion to set aside default for three months, doing so only after learning of MSI's motion for entry of default judgment. Judge Selna also noted that the Defendants' lawyer first stated that he represented Century Marble and Granite, but when asked if he would

11

accept service of a subpoena on behalf of it, he said "I do not represent Century Marble and Granite. Never have." Judge Selna's Civil Minutes ("Minutes"), Dkt. 37, Exhibit 4, p. 31 (internal p. no. 7).

Judge Selna ruled that the Defendants had not presented a "credible, good faith explanation negating any intention to take advantage of the opposing party" in reliance on *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The Judge also pointed out that the Defendants did not oppose MSI's application to enter default judgment and that the more the California case got delayed, the more time the Defendants would have to use MSI's trade secrets to unfairly compete. Minutes, Dkt. 37, p. 31 (internal p. no. 4).

The Defendants argued that they had meritorious defenses. Judge Selna noted that their assertion that they had permission to do what they did was insufficient to establish a meritorious defense as they did not indicate the source or extent of their permission. Minutes, Dkt. 37 p. 31 (internal p. no. 8). He said that even if they had permission to access and retrieve information, that would not constitute a defense to the receipt of stolen property, fraud or the Unfair Competition Law claims.

In considering entry of default judgment, Judge Selna examined whether there was a likelihood of a dispute of material facts, as required by federal law. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). He accepted all well-plead factual allegations in the complaint as true in examining whether to grant the default judgment. *Televideo Systems, Inc, v Heidenthal*, 826 F.2d 915, 917-18 (9 Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

12

Judge Selna discussed the strong policy of deciding cases on their merits "whenever reasonably possible." *Eitel*, 782 F.2d at 1472. He noted that a defendant's failure to appear or meaningfully participate in litigation makes it impractical, if not impossible, to make a decision on the merits. Minutes, Docket 37, Exhibit 4, p. 55 (internal p. no. 24).

Assessing damages was difficult because the Defendants failed to participate in discovery. Minutes, Dkt. 37, Ex. 4, pp. 58-59 (internal pp. no. 27-28). This is a strong reason to apply collateral estoppel. Their discovery failure was strategic; they should not be allowed to manipulate the justice system by obtaining a second chance to litigate the issues in this matter when their prior refusal to litigate was intentional. Their prior discovery failure, alone, justifies this court's denial of their motion to compel discovery filed at Dkt. 30.

Judge Selna's careful analysis is evident. He invited MSI to provide supplemental evidence of a causal link between the Defendants' conduct and the lost profits it sought to recover. MSI submitted evidence from its customers that Shah reached out to on Century Marble and Granite's behalf. Minutes, Dkt. 37, Ex. 4, p. 58 (internal p. no. 28). He also discussed MSI's 43% drop in business following the Defendants' conduct. Minutes, Dkt. 37, Ex. 4, pp. 58-59 (internal pp. 28-29).

The Defendants' statements mention several times that Judge Selna noted that several matters had been adequately alleged in MSI's complaint. Recall, however, that all well-plead allegations in a complaint are accepted as true for purposes of entering default judgment.

### VII. Judge Selna's Findings

The Seventh Circuit has defined actual fraud broadly, as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another."

13

*McClellan v. Cantrell,* 217 F.3d 890, 893 (7th Cir. 2000) (internal citations omitted). That court also noted that "[f]raud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *Id.*

The Supreme Court has defined actual fraud as used in the section 523(a)(2)(A) discharge exception to include fraudulent conveyances. *Husky International v. Ritz,* 136 U.S. 1581, 1586 (2016).

Judge Selna's description of MSI's claims and his liability rulings establish that the Defendants' debts are not dischargeable. He found the Defendants liable on five grounds: (1) Misappropriation of trade secrets. (2) Violation of California Penal Code 502 because the Defendants did not have permission to obtain and use MSI's information. (Liability lies for "logging into database with a valid password and subsequently taking, copying or using the information in the database improperly). (3) Violation of California Penal Code 496 finding the documents on the computers may be deemed property subject to theft under section 496. (4) Fraud and deceit because the Defendants' conduct included concealment. (5) Violation of the Uniform Competition Law, California Business & Professions Code, sections 17200, et seq., for their violations of Penal Code sections 496 and 502. That law treats violations of other federal and state and court-made law as unlawful. *Nat'l Rural Telecom v. DIRECTV, Inc.,* 319 F.Supp.2d 1059, 1074.

14

## VIII. Conclusion

Plaintiff MSI has met its burden to show that there are no disputed issues of material fact and that it is entitled to the entry of judgment in its favor as a matter of law.

The Defendants admitted many of MSI's statements of material fact. They denied and challenged other statements but did not cite to facts in the record to support those denials and challenges. Local Bankruptcy Rule 7056-2 provides that all material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. The Defendants have not properly controverted MSI's statements. *See Hinterberger v. City of Indianapolis,* 2020 WL 3980690, * 3 (7th Cir. July 15, 2020) (Summary judgment awarded to a defendant where the plaintiff's statement of material facts consisted of improper arguments rather than materially disputed facts; the plaintiff's statement was stricken).

Based on their fraudulent and deceitful conduct, this court finds that the Defendants committed actual fraud, under section 523(a)(2)(A), based on Judge Selna's factual findings, for taking their former employer's information and trade secrets without permission to benefit themselves and Century Marble and Granite. The Defendants are barred from relitigating the facts as found in the district court case.

Summary judgment is entered in favor of Plaintiff, M S International, Inc., and against Defendants Pramod Patel and Ankit Shah.

Ankit Shah's debt owed to M S International, Inc. will not be discharged.

Pramod Patel's debt owed to M S International, Inc. will not be discharged.

This Amended Memorandum Opinion constitutes the court's findings of fact and

15

conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Orders entered on July 23, 2020 stand.

Date:  July 27, 2020                                       ENTERED:

                                                           J.P.Cox  /s/ Jacqueline P. Cox
                                                           _____
                                                           Jacqueline P. Cox
                                                           United States Bankruptcy Judge